## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : |
| MARYANN C. WALKER, | : Bankruptcy No. 09-23605-JAD |
| | : |
| Debtor. | : Chapter 13 |
| | : |
| MICHAEL J. CORSO, | : Adversary No. 09-02516-JAD |
| | : |
| Plaintiff, | : |
| v. | : Doc. No. 1 |
| | : |
| MARYANN C. WALKER, | : |
| | : |
| Defendant. | : |

### MEMORANDUM OPINION

This adversary action arises out of the Plaintiff's assertion that certain obligations of the Debtor should be deemed exempt from discharge pursuant to various provisions of 11 U.S.C. § 523(a). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334 and it is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A),(I) and (O). This *Memorandum Opinion* constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. For the reasons discussed below, the Court finds that the Plaintiff has failed to meet his burden of proof with regard to each of the alleged grounds for nondischargeability.

00004994.WPD

## I.

The events giving rise to this controversy are as follows. Michael J. Corso (the "Plaintiff"), and Maryann C. Walker (the "Debtor"), were married from March 18, 1978, until a decree in divorce was entered on July 22, 2004. During the course of their marriage, the Plaintiff and the Debtor had three children.

On June 28, 2002, and August 23, 2003, respectively, the Debtor signed the Plaintiff's name to applications and promissory notes for a Federal Consolidation Loan and a Federal Plus Loan (collectively the "Loan Applications"). The loans in question were secured for the purpose of paying the college expenses for the parties' daughter, Nicole Corso. At the time the Loan Applications were signed, the Plaintiff was living and working in Brazil.

On May 11, 2004, the parties signed a Marital Settlement Agreement (the "Settlement Agreement") which provided the Debtor would satisfy "the outstanding parent plus school loans incurred for the parties' children's education." (Plaintiff's Exhibit #5, p. 2).[1] The terms of the Settlement Agreement also provided that the Debtor would "indemnify and hold . . . harmless" the Plaintiff with respect to the subject debts.

At some point following the divorce of the parties, the Debtor ceased paying amounts due and owing on the subject loans. Subsequently, the Plaintiff began receiving notices seeking to collect the total balances due under the terms of the

---

[1] Unless otherwise indicated, all references to Exhibits refer to those presented at the evidentiary hearing held on September 14, 2010.

Loan Applications (the "Loan Debt"). The parties do not dispute that the Debtor never satisfied the Loan Debt, nor did she defend, indemnify or hold harmless the Plaintiff for the amount of the Loan Debt. There is no dispute that the Plaintiff did not pursue any action in state court concerning the alleged violation of the terms of the Settlement Agreement.

On May 15, 2009, the Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code. On September 11, 2009, the Plaintiff commenced this adversary action against the Debtor seeking both a judgment in excess of $46,000 and a determination from this Court that such debts owed to the Plaintiff are nondischargeable pursuant to various provisions of 11 U.S.C. § 523(a).[2] The Debtor filed an Answer on October 13, 2009 asserting a counterclaim for attorneys' fees and costs pursuant to 11 U.S.C. § 523(d).

Following the entry of an Order rescheduling the original hearing date, the parties submitted a *Stipulation of Facts* and as well as their respective pre-trial statements. A trial was held September 14, 2010, and the Court took the matter under advisement.

## II.

The Plaintiff asserts several theories for excepting the Loan Debt from discharge. The first cause of action in the Plaintiff's *Complaint to Determine Dischargeability* (the "*Complaint*"), alleges that the Loan Debt "must be deemed

---

[2]On September 14, 2009, the Plaintiff filed a proof of claim in the amount of $46,136.07 on account of "loans in creditors name." (Case No. 09-23605, Claim #4).

non-dischargeable under 11 U.S.C. § 523 (a)(2)(A)(B)(iii)(C)(ii)(I)(4)(A)(ii)(B)(15)." (Adv. No. 09-02516-JAD, Doc. #1, *Complaint*, ¶ 20). The quoted statute does not exist. However, based on subsequent pleadings and a brief exchange at the close of the trial, this Court can only presume the Plaintiff is asserting that the Loan Debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2) for fraud[3] and/or § 523(a)(15) for debts incurred pursuant to a marriage or property settlement agreement.[4]

While not alleged in the *Complaint*, the Plaintiff asserts in his *Pre-Trial Statement* that the Loan Debt is also nondischargeable as an "educational loan" pursuant to 11 U.S.C. §523(a)(8). (Doc. #39, *Pre-Trial Statement*, pp. 6-7). Though hesitant to do so, this Court will exercise its equitable power under 11 U.S.C. § 105(a), to adjudicate this additional ground for nondischargeability.

This Court finds support for the exercise of equitable power in decisions holding that the Court may appropriately adjudicate grounds for nondischargeability, on which evidence was presented, but that were not raised

---

[3]The Plaintiff reiterates the subsection 523(a)(2) ground for nondischargeability as the "second" cause of action in the *Complaint*.

[4]This passage in the *Complaint* also appears to reference 11 U.S.C. § 523(a)(4), which holds exempt from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." However, neither the remainder of the *Complaint*, the *Pre-Trial Statement* nor the Plaintiff's argument at trial contain further argument or factual averments to support this ground for excepting the Loan Debt from discharge. As a result, the Plaintiff either has abandoned such a cause of action and/or not proven it. See Woodstock Hous. Corp. v. Johnson (In re Johnson), 242 B.R. 283, 288 (Bankr. D. Pa. 1999) (quoting In re Laramie Associates, Ltd., 1997 Bankr. LEXIS 130, 1997 WL 67848, at *12 (Bankr. E.D. Pa. Feb. 12, 1997)).

in the pleadings.  See e.g., Ramey v. Barton (In re Barton), 321 B.R. 869, 875 (Bankr. N.D. Ohio 2004) ("Although the Plaintiff did not plead § 523(a)(14) as a ground for nondischargeability in her Complaint, a bankruptcy court, under its equitable powers, may revise a pleading so as to conform with the evidence presented."); Wood v. Loader (In re Loader), 417 B.R. 604, 609 n.7 (Bankr. D. Idaho 2009) (Considering subsection 523(a)(9) grounds for exemption to discharge that were not included in the complaint when relevant facts were argued at trial and the defendant did not object).

As further support, Federal Rule of Bankruptcy Procedure 7015 (adopting Fed R. Civ. P. 15) allows for the liberal amendment of pleadings.  In addition, the assertion of a nondischargeability action pursuant to Section 523(a)(8) of the Bankruptcy Code is not subject to a time bar.  See Fed. R. Bankr. P. 4007(b) ("A complaint other than under § 523(c) may be filed at any time").  As the Loan Debt was discussed as a "student loan" throughout the proceedings, and mindful of the fact the Plaintiff may file a subsequent cause of action pursuant to subsection 523(a)(8), it is appropriate, under the particular facts and circumstances presented, to adjudicate the Plaintiff's 523(a)(8) claim for the purpose of preventing an inefficient re-litigation of the dispute between the parties.

As explained below, this Court finds that the Plaintiff's arguments fail as to each of the grounds for nondischargeability averred.

**<u>A.</u>**

The Plaintiff asserts that because the Loan Debt was originally incurred to pay the college expenses of the parties' daughter, it remains "an 'educational loan' within the meaning of the statutory exception to discharge . . . " found at 11 U.S.C. § 523(a)(8). (<u>See</u> Doc. #39, p. 6). In support, the Plaintiff cites several cases, including the opinion of the United States Court of Appeals of the Third Circuit in <u>In re Pelkowski</u>, 990 F.2d 737 (3d Cir. 1993). In <u>Pelkowski</u>, the Third Circuit held that the nondischargeability provision of 11 U.S.C. § 523(a)(8) applies to debts incurred by the co-signor of a student loan, even if co-signor obtained no educational benefit from the loan. <u>Id.</u> at 745. The Third Circuit explained that the legislative history evidences the intent of Congress that such debt should be exempt from discharge, "to prevent abuses in and protect the solvency of the educational loan programs." <u>Id.</u> at 743 (quoting <u>In re Merchant</u>, 958 F.2d 738, 742 (6th Cir.1992)).

This Court finds the Plaintiff has misconstrued the issue with regard to the holding in <u>Pelkowski</u>. In <u>Pelkowski</u> nondischargeability was considered as to the governmental creditor entity that actually made the loan. Contrary to the situation in <u>Pelkowski</u>, the Debtor here was neither a co-signor on the subject loans, nor is the Plaintiff the lender that made the loan. As such, the Loan Debt the Plaintiff is seeking to exempt from discharge does not result from a "loan made, insured, or guaranteed by a governmental unit . . . or nonprofit institution

. . . ." 11 U.S.C. § 523(a)(8)(A)(i). Rather the Debtor's only liability to the Plaintiff on the Loan Debt arises pursuant to the terms of the Settlement Agreement between the parties. In fact, it is only as a result of the Settlement Agreement that the Plaintiff has any "right to payment" and is therefore a "creditor" with standing to bring a cause of action for nondischargeability.

A similar case was considered by Judge McIvor from the United States Bankruptcy Court for the Eastern District of Michigan, in an opinion entered just one week prior to the trial in this matter. In Gorosh v. Posner (In re Posner), 434 B.R. 800 (Bankr. E.D. Mich. 2010), Judge McIvor denied a Plaintiff's motion for partial summary judgment, holding that a co-signor who satisfies a debtor's student loan debt and then asserts a claim against the debtor, is not entitled to the nondischargeability protections of 523(a)(8).

In Posner, the plaintiff was a family-friend of the debtor who co-signed the debtor's student loans. Id. at 801. When the debtor defaulted, the plaintiff satisfied the loan obligations and obtained a consent judgment against the debtor in state-court for the balance. Id. at 802. After the debtor filed for bankruptcy protection, the plaintiff commenced an adversary proceeding against the debtor seeking to have the judgment amount deemed nondischargeable pursuant to 523(a)(2)(A) and 523(a)(8). Id.

The court found that as a third-party seeking reimbursement for the satisfaction the debtor's student loan obligations, the plaintiff was merely an

unsecured lender and not a creditor on account of a "loan made, insured, or guaranteed by a governmental unit . . . or nonprofit institution." See Id. at 804. The court then concluded that because case law limited the scope of subsection 523(a)(8) protections to a narrow group of government and non-profit lenders as defined in 11 U.S.C. § 523(a)(8)(A)(i), the debt should be dischargeable. Id. at 806.

The present situation before this Court is similar to Posner, which in-turn merits a similar result. The Plaintiff in this matter was solely obligated to repay the Loan Debt prior to the Settlement Agreement with the Debtor. The Plaintiff only has standing as a "creditor" because he is attempting to recover debts purportedly owed to him as a result of the Settlement Agreement. There is simply no evidence to suggest that the protections afforded to student loan lenders under 523(a)(8) should extend to the Plaintiff in this instance as the Plaintiff is not a member of the class of creditors protected by 11 U.S.C. § 523(a)(8).

Additionally, this finding does not run afoul of the twin congressional objectives cited in Pelkowski. Finding that the Debtor's obligations under the Settlement Agreement may be dischargeable, will not harm the type of lenders protected by subsection 523(a)(8). There is no evidence that the solvency of the educational programs involved will be affected by the outcome of this lawsuit. Further, no evidence is of record that suggests that future debtors would intentionally engage series of acts that gave rise to the unique facts and circumstances in this case for the sole purpose of abusing the educational loan

system. In sum, because the Plaintiff's ability to recover from the Debtor is limited only to the terms of the Settlement Agreement, he is not entitled to the protections afforded to government and non-profit lenders under 11 U.S.C. 523(a)(8).

**B.**

The Plaintiff's second ground for exception to discharge alleges that the Loan Debt should be nondischargeable as a debt arising from a false representation or fraud pursuant to 11 U.S.C. § 532(a)(2).

Section § 523(a)(2) of the Bankruptcy Code states that an individual debtor cannot be discharged from any debt: "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by- (A) false pretenses, a false representation, or actual fraud . . . ."  11 U.S.C. § 523(a)(2). Subsection 523(a) balances the competing objectives of allowing an "honest but unfortunate debtor" a fresh start, while ensuring that a "deceitful debtor" does not benefit from his or her own fraud. Field v. Mans, 157 F.3d 35, 44 (1st Cir. 1998) (citing Grogan v. Garner, 498 U.S. 279, 286-87 (1991)).

The Plaintiff alleges that the Loan Debt should not be discharged because the Debtor committed fraud pursuant to § 523(a)(2) when she signed the Plaintiff's name on the Loan Applications. (See Doc. # 39, p. 4). The Plaintiff further alleges that the Debtor's fraud "continued and was compounded" when the Debtor allegedly failed to disclose the total balance of the subject loans during the negotiation of the Settlement Agreement. (See id.)

At the outset, the Plaintiff's assertion that the Loan Debt is nondischargeable as a result of alleged misrepresentations during the negotiation of the Settlement Agreement is not relevant to this Court's dischargeability analysis pursuant to 11 U.S.C. §523(a)(2). While the Plaintiff is a "creditor" of the Debtor to the extent the Plaintiff has satisfied the Debtor's alleged "obligations" to a third-party under the terms of Settlement Agreement, the Plaintiff through negotiation of the Settlement Agreement did not transfer "money, property, or services" to the Debtor; nor did the Plaintiff engage in the "extension, renewal, or refinancing of credit" for the benefit of the Debtor. Rather, the terms of the Settlement Agreement indicate the Plaintiff received the benefit of the Debtor's agreement to pay the Loan Debt on which the Plaintiff would have otherwise been liable, <u>regardless of the amount owed</u>. (Plaintiff's Exhibit #5, p. 2). As a result, the Plaintiff's allegations concerning the Debtor's conduct during the negotiation of the Settlement Agreement have no merit or bearing on this matter.[5] <u>See Hackenberg v. Druckenmiller (In re Druckenmiller)</u>, CASE NO. 1:09-bk-03903MDF, ADV. NO. 1:09-ap-00313, 2010 Bankr. LEXIS 1012 at *5-6, 2010 WL 1257353 at *2 (Bankr. M.D. Pa. Mar. 25, 2010) (holding a plaintiff lacked

---

[5] It is important to note that when questioned by the Court, counsel for the Plaintiff confirmed the Plaintiff was not seeking damages in any amount beyond the Loan Debt (<u>See</u> Audio Recording of Hearing Held in Courtroom D, September 14, 2010 (10:28 - 10:29 AM)), and was not seeking the return of any of the assets conveyed to the Debtor as a result of the Settlement Agreement. (<u>See</u> <u>id.</u> at (10:29 - 10:31 AM)). Therefore, the nondischargeability action is limited only to the Loan Debt, per the admission of the Plaintiff.

standing to assert a claim of nondischargeability under § 523(a)(2) when the plaintiff was not the transferor of "money, property or services" to Debtor).

However, pursuant to the Supreme Court's holding in <u>Archer v. Warner</u>, 538 U.S. 314 (2003), the Plaintiff is able to look beyond the Settlement Agreement to allege he was defrauded during the original transaction that gave rise to the Loan Debt. In <u>Archer</u>, the Archers sued the Warners, seeking to recover money the Warners allegedly obtained through the fraudulent sale of their business to the Archers. <u>Id.</u> at 317. The parties settled the lawsuit in state court. <u>Id.</u> The settlement agreement did not resolve the fraud issue, but provided that the Warners were to pay the Archers $300,000, consisting of $200,000 in cash plus an executed promissory note in the amount of $100,000. <u>Id.</u> When the Warners defaulted on the note, the Archers sued in state court seeking payment. <u>Id.</u> at 317-18. The Warners then filed bankruptcy. <u>Id.</u> at 318. In the bankruptcy proceeding the Archers claimed that the Warner's $100,000 debt was nondischargeable because it was for money originally obtained by fraud. <u>Id.</u>

The Supreme Court held that while reducing a fraud claim to settlement agreement left only one relevant debt (the debt for money promised in the settlement agreement), it did <u>not</u> foreclose the Court from looking behind the terms of the settlement agreement to determine whether the debt was <u>also</u> a debt for money obtained by fraud. <u>Id.</u> at 323. In its analysis the Court found, "the mere fact that a conscientious creditor has previously reduced his claim to

judgment should not bar further inquiry into the true nature of the debt." Id. at 320-21 (quoting Brown v. Felsen, 442 U.S. 127, 138 (1979)).  Therefore, while the Debtor's representations concerning the Settlement Agreement in which the Plaintiff did not transfer any "money, property, or services" to the Debtor is of no moment, the conduct of the Debtor during the original transaction is relevant to a determination of whether the balance of the Loan Debt was incurred by fraud.

To prevail on a nondischargeability claim pursuant to § 523(a)(2)(A), it is the Plaintiff's burden to prove that: (1) the debtor made a false representation; (2) the debtor knew at the time that the representation was false; (3) the debtor made the misrepresentation with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on the misrepresentation; and (5) the creditor sustained damages as a proximate result of the misrepresentation having been made.  See e.g., Webber v. Giarratano (In re Giarratano), 299 B.R. 328, 334 (Bankr. D. Del. 2003), In re Ritter, 404 B.R. 811, 822 (Bankr. E.D. Pa. 2009).  The Plaintiff must prove each element by a preponderance of the evidence.  Grogan v. Garner, 498 U.S. 279, 285 (1991).

The parties do not dispute that the Plaintiff has sustained "damages" as a proximate result of the Debtor signing the Plaintiff's name on the Loan Applications.  However, the Plaintiff has failed to meet his burden of proof with regard to all of the remaining elements.  Specifically, this Court finds the Plaintiff has failed to prove by a preponderance of the evidence that the Debtor knowingly

made any false representation to the Plaintiff or that the Plaintiff relied on that representation regarding the Plaintiff's signature on the Loan Applications.[6]

The evidence presented at trial clearly indicates that the parties had established a pattern and practice whereby the Debtor regularly signed the Plaintiff's name for the purpose of managing the parties' household affairs. Both the Debtor and all three of the parties' children unanimously testified that the Plaintiff had on several occasions, and for a variety of purposes, authorized the Debtor to sign his name on documents concerning the parties' finances. In fact, the parties' children each testified it was a running household joke that the Plaintiff would never sign tax return documents out of fear of triggering an audit because his signature would not match the Debtor's version which typically appeared on the tax return documents. (See e.g., Audio Recording of Hearing Held in Courtroom D, September 14, 2010 (1:51 - 1:52 PM), (2:05 - 2:06 PM) and (2:16 - 2:18 PM)).

Further, the Plaintiff's insistence that at the time the Loan Applications were signed, the Debtor was no longer authorized to sign his name is not credible. The Debtor produced an e-mail dated February 23, 2004, more than a year after the second Loan document was signed and less than three months prior to the

---

[6]The Plaintiff offered evidence and argument asserting that the Debtor's alleged forgery of the Plaintiff's signature defrauded the third-party lenders. However, the Plaintiff is without standing to assert a nondischargeability action on behalf of third-parties. See In re Fabian, Case. Nos. 88-01055, 88-0333, 88-01038 and 88-0332, 1989 Bankr. LEXIS 243 at *7, 1989 WL 18109 at *3 (Bankr. W.D. Pa. Feb. 28, 1989) (citing In re O'Karma, 46 B.R. 422, 423 (M.D. Pa. 1984)); see also 11 U.S.C. § 523(c)(1).

execution of the Settlement Agreement, in which the Plaintiff explicitly authorized the Debtor to sign his name concerning the sale of a family vehicle. (Debtor's Exhibit #1). In addition, the Plaintiff admitted that he did not stop depositing his paychecks into the parties' joint bank account, over which the Debtor had full control, until the month prior to the execution of the Settlement Agreement. (See Audio Recording of Hearing Held in Courtroom D, September 14, 2010 (11:43 - 11:44 AM)). The Plaintiff also admitted that he and the Debtor had agreed to pay for their daughter's college expenses (See id. at (11:45 - 11:46 AM)), and that the Plaintiff aware the Debtor signed his name on certain student loans prior to entering into the Settlement Agreement. (See id. at (11:44 - 11:46 AM)).

In sum, while the Plaintiff insists he did not specifically authorize the Debtor to sign his name on the Loan Applications, the evidence indicates that the Debtor was tasked with running the household, and was authorized to sign Plaintiff's name for the purpose of doing so. As a result, this Court finds the Plaintiff has failed to meet his burden of proving the Loan Debts are nondischargeable as a debt arising from false pretenses or fraud pursuant to 11 U.S.C. § 523(a)(2)(A).

### C.

Finally, the *Complaint* appears to allege the Loan Debt is also nondischargeable pursuant to 11 U.S.C. § 523(a)(15). Subsection 523(a)(15) exempts from discharge any debts (other than domestic support obligations), that

are "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement . . . ." 11 U.S.C. § 523(a)(15).

In the instant case the Debtor does not dispute, and this Court agrees, that the Loan Debt is a debt "incurred . . . in connection with a separation agreement . . . ." 11 U.S.C. § 523(a)(15). However, 11 U.S.C. § 1328(a) allows a debtor in a Chapter 13 case to be discharged from subsection 523(a)(15) debts that would otherwise be nondischargeable if the debtor's case were filed under Chapter 7 or 11. As such, once the Debtor completes all payments under a confirmed Chapter 13 plan, the Loan Debt may be discharged pursuant to the "superdischarge" provision of 11 U.S.C. § 1328(a). Accordingly, the Plaintiff's allegation of nondischargeability pursuant to subsection (a)(15) fails.

## **III.**

The only matter remaining before the Court is the Debtor's counterclaim seeking costs and attorneys fees associated with defending this adversary action. The terms of 11 U.S.C. § 523(d) provide that, when a creditor brings an action to determine dischargeability of a debt under subsection 523(a)(2), courts shall grant judgment in favor of the debtor for the costs and reasonable attorneys' fees associated with defending that action if: 1) the debt in question was discharged; and 2) the position of the creditor was not "substantially justified."[7] 11 U.S.C. § 523(d).

---

[7]Subsection 523(d) also provides that courts "shall not award such costs and fees if special circumstances would make the award unjust." 11 U.S.C. § 523(d).

In determining whether a position is "substantially justified" courts have looked to similar language contained in the Equal Access to Justice Act to define the phrase. See e.g., Walker v. Star USA Fed. Credit Union (In re Walker), 299 B.R. 141, 144 (S.D. W. Va. 2003) (citing Parker et al. v. Grant (In re Grant), 237 B.R. 97, 120-21 (Bankr. E.D. Va. 1999)). Subsequently, courts have determined that subsection 523(d) contains three criteria for establishing substantial justification of a position: "(1) a reasonable basis in law for the theory it propounds; (2) a reasonable basis in truth for the facts alleged; and (3) a reasonable connection between the facts alleged and the legal theory advanced." In re Ritter, 404 B.R. 811, 832 (Bankr. E.D. Pa. 2009) (citing cases, including Walker, 299 B.R. at 145).

In the instant matter, even though the Debtor was ultimately successful in defending the action, the Debtor's assertion that the Plaintiff's position was not "substantially justified" is without merit.[8] Because the Debtor admitted to signing the Plaintiff's name on the Loans Applications, there was a triable issue of fact concerning whether the Debtor was authorized to do so. This reasonable basis in fact was clearly connected to a reasonable basis in law regarding whether the Loan Debt was originally obtained by "false pretenses, a false representation, or

---

[8]The language in the Bankruptcy Code requiring that the debt in question "is discharged" before a judgment for fees and costs can be obtained, does not deprive this Court of jurisdiction to determine whether relief should be allowed and stayed until a discharge is obtained. See Alliant Credit Union v. Baptiste (In re Baptiste), Bankruptcy No. 09 B 07338, Adversary No. 09 A 00707, 2010 Bankr. LEXIS 3137 at *3, 2010 WL 3834607 at *1 (Bankr. N.D. Ill. Sept. 24, 2010). As a result, this Court may examine the merits of the Debtor's claim.

actual fraud . . . ." 11 U.S.C. § 523(a)(2)(A). Therefore, the Debtor's counterclaim for costs and fees pursuant to subsection 523(d) is denied.

### IV.

In closing, the Plaintiff has failed to meet his burden of proof to except the Loan Debt from discharge pursuant to the grounds listed in 11 U.S.C. §§ 523(a)(2), 523(a)(4) and 523(a)(8). As such, this aspect of the Plaintiff's *Complaint* will be dismissed with prejudice. This Court recognizes the Loan Debt as a debt "incurred . . . in connection with a separation agreement" falling into the nondischargeability provision of subsection 523(a)(15); however, if the Debtor makes all plan payments on a confirmed plan in her Chapter 13 case, the Loan Debt may be discharged pursuant to 11 U.S.C. § 1328(a). As such, the Plaintiff's cause of action under 11 U.S.C. § 523(a)(15) shall be denied, without prejudice, as the Debtor has not yet completed her chapter 13 plan. Finally, the Court has determined that the Debtor is not entitled to recover the fees and costs associated with defending this adversary action. That request shall be denied with prejudice. An appropriate Order will follow.

Dated: <u>October 22, 2010</u>         <u>/s/ Jeffery A. Deller</u>
                                                        **JEFFERY A. DELLER**
                                                        U.S. Bankruptcy Judge

Case Administrator to mail copy to:
    Alexander J. Jamiolkowski, Esq.
    John J. Zigari, Esq.
    Mary Bower Sheats, Esq.
    Ronda J. Winnecour, Esq., Chapter 13 Trustee
    Office of the U.S. Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| MARYANN C. WALKER, | Bankruptcy No. 09-23605-JAD |
| Debtor. | Chapter 13 |
| MICHAEL J. CORSO, | Adversary No. 09-02516-JAD |
| Plaintiff, | |
| v. | Doc. No. 1 |
| MARYANN C. WALKER, | |
| Defendant. | |

## ORDER

For all of the reasons set forth in the Court's *Memorandum Opinion* of the date even herewith, the Court **ORDERS, ADJUDGES** and **DECREES** as follows:

1. The Plaintiff's *Complaint to Determine Dischargeability* pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and 523(a)(8) is hereby **DENIED with prejudice**;

2. The Plaintiff's *Complaint to Determine Dischargeability* pursuant to 11 U.S.C. § 523(a)(15) is hereby **DENIED without prejudice;** and

3. The Debtor's Counterclaim for attorneys' fees and costs pursuant to 11 U.S.C. §§ 523(d) is hereby **DENIED with prejudice**.


Dated: October 22, 2010              /s/ Jeffery A. Deller
                                     **JEFFERY A. DELLER**
                                     U.S. Bankruptcy Judge

Case Administrator to mail copy to:
   Alexander J. Jamiolkowski, Esq.
   John J. Zigari, Esq.
   Mary Bower Sheats, Esq.
   Ronda J. Winnecour, Esq., Chapter 13 Trustee
   Office of the U.S. Trustee

00004994.WPD